NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1302
_____

UNITED STATES OF AMERICA

v.

ANTOINE CHAMBERS,
a/k/a "Twiz"

Antoine Chambers,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 09-cr-00133-001)
Honorable William W. Caldwell, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
November 18, 2010

BEFORE:  AMBRO, FISHER, and GREENBERG, Circuit Judges

(Filed: November 22, 2010)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal from a judgment of

conviction and sentence entered in the District Court on January 14, 2009, predicated on

appellant Antoine Chambers' plea of guilty to an information charging him with use of a communication facility to facilitate drug trafficking in violation of 21 U.S.C. § 843(b). The information replaced a two-count indictment charging Chambers with conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and the unlawful distribution and possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced Chambers as a career offender to a custodial term of 46 months at the top of his 37- to 46-month guidelines range, to be followed by a three-year term of supervised release. In addition, it imposed a $500 fine and a $100 special assessment. The judgment of conviction and sentence, however, also dismissed the indictment.

Chambers' first contention on this appeal is that the District Court erred in classifying him as a career offender, thereby enhancing his custodial guidelines range from the 15- to 21-month period that it would have been without the career offender designation. This contention centers on the circumstance that one of the two underlying convictions needed for the career offender designation was a state conviction based on a guilty plea to conspiracy to commit a burglary. Chambers contends that the District Court should not have treated this conviction as a crime of violence for career offender purposes. In this regard, Chambers argues that the Court erred "by failing to consider the facts underlying the burglary conviction", appellant's br. at 13, and that those facts "were more consistent with the [nonviolent] crime of receiving stolen property," id., than burglary and thus could not support a finding that the offense could be used as a predicate offense in a career offender determination. Chambers' second contention is that the District Court acted unreasonably in imposing a sentence of 46 months because it failed

2

to address relevant sentencing factors under 18 U.S.C. § 3553(a) that should have resulted in it imposing a lesser sentence.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Inasmuch as the District Court rejected Chambers' first contention on the legal basis that it could not look at the facts underlying the burglary conviction in making its career offender determination, we will exercise plenary review of that issue. See United States v. Lennon, 372 F.3d 535, 538 (3d Cir. 2004); United States v. Mackins, 218 F.3d 263, 266 (3d Cir. 2000). We will consider Chambers' second contention, which involves consideration of the procedural and substantive reasonableness of the sentence, on an abuse of discretion basis. See United States v. Merced, 603 F.3d 203, 214 (3d Cir. 2010); United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008).

There is no question that viewing the state burglary conviction solely on the basis of its statutory elements and taking into consideration that, as Chambers explains in his brief, the burglary was of a residence, the burglary, and thus the conspiracy to commit it, was a crime of violence for career offender purposes. U.S.S.G. § 4B1.1(a); U.S.S.G. § 4B1.2. Though U.S.S.G. § 4A1.3(b)(1) provides that if an offender's criminal history category substantially over-represents the seriousness of his criminal history or the likelihood that he will commit other crimes, a downward departure may be warranted, such a departure would not change the fact that a conviction for a crime of violence in the offender's history would remain a predicate offense for a career offender determination. After all, a departure from a range does not require a modification of the range.

3

Chambers nevertheless contends that, based on the actual facts, his conspiracy offense "should have been classified as receiving stolen property." Appellant's br. at 12. Such an offense would not be for a crime of violence and thus would not be a predicate career offender underlying offense. But it is perfectly clear that the District Court correctly used the categorical approach as our precedents required it to do in its treatment of the state burglary conviction. See United States v. Siegel, 477 F.3d 87, 90-91 (3d Cir. 2007). Thus, we reject Chambers' first contention.

We have considered Chambers' second contention and see no basis on which to sustain it. The contention does not require protracted discussion, as the District Court did not abuse its discretion procedurally or substantively in imposing a sentence within the appropriately calculated guidelines range.

For the foregoing reasons the judgment of conviction and sentence entered on January 14, 2007, will be affirmed.